UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BRADLEY WAYNE JOHNSON,

Defendant.

CASE NO. CR19-55RSM

ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Bradley Wayne Johnson.  Dkt. #45.  Mr. Johnson, an inmate at FCI Sheridan in Oregon moves for release to either a residential reentry center or home confinement because of the risk of contracting COVID-19 while incarcerated.  *Id.* at 1.

On September 27, 2019, Mr. Johnson was sentenced to a term of 36 months following his guilty plea to the crimes of conspiracy to produce and transfer fraudulent identification documents and aggravated identity theft.  *See* Dkt. #42 and #43.  He has a projected release date of August 19, 2021.

On April 23, 2020, Mr. Johnson applied to the Warden for compassionate release pursuant to Title 18 U.S.C. § 3582(c)(1)(A).  Thirty days have passed since the date of application with no response.  The Government does not contest these facts.  Dkt. #51 at 7.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

The parties agree there have been two reported COVID-19 cases among inmates at FCI Sheridan to date.  Dkt. #52 at 2; Dkt. #51 at 10–11.  The Government contends that these cases occurred in a separate portion of the facility and that the inmates who tested positive have since been isolated.  Dkt. #51 at 10–11.

Mr. Johnson is 61 years old.  Dkt #47 at 1.  His medical records indicate he has been diagnosed with hypertension and he receives medication for that condition.  *Id.*

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release.  Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Over the past several months, faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19.  As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19.  *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases).  Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors.  *Id.*

The Court finds that Mr. Johnson has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief.  Mr. Johnson argues that this requirement is satisfied by his exposure to the risk of COVID-19 at FCI Sheridan given his age and diagnosis of hypertension. Mr. Johnson states that "[i]nitial reports from COVID-19 hot spots, including Wuhan, Lombardy, and New York City, identified higher rates of hypertension among severely ill, hospitalized COVID-19 patients," and that "[h]ypertension has also been a recognized as a basis (or partial basis) for compassionate release during the current crisis many times over."  Dkt. #45 at 2 – 3 (citing *United States v. Handy*, 3:10-c -00128-RNC-8, 2020 WL 2487371 (D. Conn. May 14, 2020); *United States v. Mattingly*, 6:15-cr-00005- NKM-JCH, 2020 WL 2499707 (W.D Va. May 14 2020); *United States v. Lopez*, 1:18-cr -02846-MV-1, 2020 WL 2489746 (D. N.M. May 14, 2020); *United States v. Gutman*, 1:19-cr-00069-RDB-2, 2020 WL 2467435 (D. Md. May 13,

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

2020)).  Mr. Johnson discusses the conditions at FCI Sheridan as well as the BOP system in general.

As of July 17, 2020, the CDC has identified several health conditions that increase risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease ("COPD"), immunocompromised state from solid organ transplant, obesity with a BMI of 30 or higher, serious heart conditions, sickle cell disease, and type 2 diabetes.  *See People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 3, 2020).  Hypertension or high blood pressure are included in a separate list of conditions that "might" increase the risk of severe illness. *See id.*  However, Mr. Johnson is currently managing his condition through daily medication, and in light of contradictory evidence as to whether hypertension elevates one's risk from COVID-19, courts have declined to grant compassionate release based on a diagnosis of hypertension where no other high-risk medical conditions are present. *See Powers*, 2020 U.S. Dist. LEXIS 117072, 2020 WL 3605748, at *3, n.7 ("Indeed, the evidence is mixed and multiple studies have reached different conclusions about the COVID-19 risks associated with hypertension."); *see also United States v. Rodriguez*, 2020 U.S. Dist. LEXIS 58718, 2020 WL 1627331 at *7 n. 15 (observing that "[t]he relationship between hypertension and elevated risk from COVID-19 is not fully understood" and that some experts have opined that "high blood pressure alone is not a risk factor," but might be of concern when "combined with another underlying health condition.").  The cases Mr. Johnson cites in his Motion as examples where compassionate release was granted on the basis of hypertension actually involved inmates with other health conditions as well that the CDC considers unquestionable risk factors. On Reply, Mr. Johnson again struggles to find cases where inmates have been released solely based on a

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

diagnosis of hypertension.  In any event, given the mixed data on hypertension, the Court finds Mr. Johnson has failed to demonstrate one or more medically-documented chronic health conditions rendering him more vulnerable to COVID-19.  His age does not appear to be a significant factor in his risk assessment.  The limited positive test results at FCI Sheridan, as things currently stand, do not lead the Court to believe that there is a significant outbreak of COVID-19 in the portion of the facility where Mr. Johnson is housed.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Johnson's Section 3553 factors or any other considerations.  Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #45, is DENIED.

DATED this 4th day of August, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 6